No. 22-6074

# UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION,

*Plaintiff-Appellant*,

v.

GLEN MULREADY, in his official capacity as Insurance Commissioner of Oklahoma, and OKLAHOMA INSURANCE DEPARTMENT,

*Defendants-Appellees.*

On appeal from the United States District Court
for the Western District of Oklahoma
The Hon. Bernard M. Jones
No. 5:19-cv-977-J

## MOTION TO STAY THE MANDATE

GARRY M. GASKINS, II
 *Solicitor General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
garry.gaskins@oag.ok.gov

*Counsel for Defendants-Appellees*

ZACH WEST
 *Director of Special Litigation*
WILL FLANAGAN
 *Assistant Solicitor General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
zach.west@oag.ok.gov
william.flanagan@oag.ok.gov

*Counsel for Defendants-Appellees*

On August 15, 2023, this Court held that four provisions of Oklahoma's Patient's Right to Pharmacy Choice Act are preempted by the Employee Retirement Income Security Act (ERISA), and that one such provision was preempted by Medicare Part D. Defendants moved for *en banc* rehearing on September 13, 2023. That motion was denied on December 12, 2023. For the following reasons, Defendants now move to stay the mandate pending an appeal to the Supreme Court. *See* FED. R. APP. P. 41(d)(1).

A circuit court may stay the mandate pending the filing of a petition for certiorari if "the petition would present a substantial question" and "there is good cause for a stay." FED. R. APP. P. 41(d)(1). This Court has added that a stay "in a civil case will not be granted unless the court finds there is a substantial possibility that a petition for writ of certiorari would be granted." 10th Cir. R. 41.1(B). The Supreme Court, in turn, evaluates certiorari petitions in part for whether a "court of appeals has entered a decision in conflict with the decision of another . . . court of appeals on the same important matter," and whether a "court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court, or has decided an important federal question in a way that conflicts with relevant decisions of this Court." SUP. CT. R. 10(a), (c).

As explained in Defendants' motion for *en banc* rehearing, this case presents important preemption questions on which there is a substantial possibility that certiorari

would be granted. Most critical here, there are several acknowledged circuit splits.[1] Specifically, this Court expressly split from the Eighth Circuit's decision in *PCMA v. Wehbi*, 18 F.4th 956 (8th Cir. 2021), on both the scope of ERISA preemption and the proper analysis to use for Medicare Part D preemption. Discussing the "Probation Prohibition," *see* Op. at 10 n.1, this Court observed that "[t]hough *Wehbi*'s conclusion" on a similar North Dakota regulation "aligns with Oklahoma and the United States' recommended result, we find *Wehbi*'s limited reasoning unhelpful here." Op. at 37–38. This Court reached the opposite conclusion from *Wehbi*, holding that the Oklahoma provision was preempted. As for Medicare Part D, this Court openly "disagree[d] with the [*Wehbi*] court's fastidious approach . . . ." Op. at 49.

These circuit disagreements do not guarantee a grant of certiorari, of course. But a "guarantee" is not the standard, nor could it be, given the Supreme Court's well-known selectiveness in taking cases. Rather, Defendants must demonstrate a "substantial possibility," and nothing more. And this Court and others have at times indicated, albeit in different contexts, that the phrase "substantial possibility" sets a low bar. *See, e.g.*, *Beachum v. Tansy*, 903 F.2d 1321, 1330 (10th Cir. 1990) ("The record suggests no substantial possibility that the court would have granted a defense motion to

---

[1] Defendants have also argued that this Court's decision conflicts with prior opinions of the Supreme Court—in particular, *Rutledge v. PCMA*, 592 U.S. 80 (2020). This Court disagrees. Thus, although Defendants maintain that a conflict exists, for this motion Defendants focus primarily on the existence of circuit splits, the existence of which was acknowledged by the Court in its opinion.

suppress the voice identification whether filed after or before the preliminary hearing. Due process does not require the rote performance of futile exercises."); *Gray-McNamara v. Fifield*, No. CIV.A. 00-2177A, 2007 WL 2892002, at *2 (Mass. Super. Sept. 6, 2007) (observing that a "frivolous position" is one where "there is no *substantial possibility* that a tribunal would accept it" (emphasis added) (quoting Restatement (Third) of the Law Governing Lawyers § 110 cmt. d)). Logically, the standard must be significantly less than the "likelihood of success" standard found in the preliminary injunction context, or else a stay of the mandate would never issue at all.

In any event, in addition to the circuit splits, it must also be considered that the Supreme Court has repeatedly taken up the question of ERISA preemption in the past 40 years. *See, e.g.*, *Gobeille v. Liberty Mut. Ins.*, 577 U.S. 312 (2016); *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001); *Calif. Div. of Labor Standards Enforcement v. Dillingham Const.*, 519 U.S. 316 (1997); *De Buono v. NYSA-ILA Medical and Clinical Services Fund*, 520 U.S. 806 (1997); *N.Y. St. Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins.*, 514 U.S. 645 (1995); *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987); *Shaw v. Delta Air Lines*, 463 U.S. 85 (1983); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504 (1981). Indeed, it took up ERISA questions in the very context of pharmacy benefit managers (PBMs) just three years ago. *See Rutledge v. PCMA*, 592 U.S. 80 (2020). This is not a topic, in other words, that the Supreme Court is hesitant to tackle.

There is also good cause for a stay. Simply put, staying the mandate will uphold, pending a petition for certiorari, a multi-year status quo that Oklahoma has invested

substantial resources in and that PCMA and this Court had a significant hand in allowing in the first place. *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996) ("The purpose of a stay is to preserve the status quo pending appellate determination."); *Houchins v. KQED, Inc.*, 429 U.S. 1341, 1346 (1977) (Rehnquist, J., in chambers) ("[T]he preservation of that status quo is an important factor favoring a stay. This is preferable to forcing the applicant to develop new procedures which might be required only for a short period of time.").

As a reminder, the district court denied a preliminary injunction back in 2020. PCMA then appealed that ruling to this Court and sought an emergency injunction pending the appeal—relief this Court denied because PCMA had "not made a sufficient showing to warrant imposition of an injunction pending appeal." Order at 2, August 17, 2020, *PCMA v. Mulready*, No. 20-6107. Thus, the Act took effect and Oklahoma began enforcing it, expending and re-allocating substantial resources all the while. *See, e.g.*, Aplt.App. Vol.1. at 101–02, 122, 129, 138–39.[2] And, critically, having been denied emergency relief, PCMA then *withdrew* the broader preliminary injunction appeal before any further briefing was conducted. Thus, even if the Court were correct in its current holding, it is still the responsibility of PCMA—not Oklahoma—that the status quo is what it is. PCMA, that is, made the strategic decision not to maintain its preliminary injunction appeal through to the end, where it apparently would have been supported

---

[2] Even more resources have been expended and re-allocated earlier this year, when the Oklahoma Legislature shifted enforcement responsibilities to the Attorney General.

by this Court. In such circumstances, this Court should not issue the mandate until the appellate process has completed. *Cf. O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 978 (10th Cir. 2004) (Murphy, J., joined in relevant part by Ebel, Kelly, O'Brien, Hartz, McConnell, and Tymkovich, concurring in part and dissenting in part) ("[A]n injury resulting from a preliminary injunction that disturbs the status quo by changing the relationship of the parties *is* a judicially inflicted injury.").

Defendants respectfully ask this Court to stay the mandate.

s/ *Zach West*

GARRY M. GASKINS, II
   *Solicitor General*
ZACH WEST
   *Director of Special Litigation*
WILL FLANAGAN
   *Assistant Solicitor General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
garry.gaskins@oag.ok.gov
zach.west@oag.ok.gov
william.flanagan@oag.ok.gov

*Counsel for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

This response complies with the typeface requirements of Fed. R. App. P. 32 because it was prepared in a proportionally spaced font (Garamond, 14-point) using Microsoft Word 2016.

s/ *Zach West*
--------------
ZACH WEST

## CERTIFICATE OF DIGITAL SUBMISSION

All required privacy redactions have been made as required by 10th Cir. R. 25.5 and the ECF Manual. Additionally, this filing was scanned with Crowdstrike v. 6.56 antivirus using the latest version updated on November 15, 2023.

s/ *Zach West*
--------------
ZACH WEST

## CERTIFICATE OF SERVICE

I certify that on December 18, 2023, I caused the foregoing to be filed with this Court and served on all parties via the Court's CM/ECF filing system. The seven required paper copies, each of which is an exact replica in form and content, will be dispatched via commercial carrier for receipt within five business days after the court issues a notice that the electronic version is accepted for filing.

s/ *Zach West*
--------------
ZACH WEST
