No. 22-6074

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

_____

PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION,

*Plaintiff-Appellant*,

v.

GLEN MULREADY, *in his official capacity as*
Insurance Commissioner of Oklahoma, and
OKLAHOMA INSURANCE DEPARTMENT,

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the Western District of Oklahoma
The Hon. Bernard M. Jones
No. 5:19-cv-977-J

### APPELLANT'S OPPOSITION TO MOTION TO STAY THE MANDATE

_____

| | |
|---|---|
| DEAN RICHLIN | JOEL W. HARMON |
| KRISTYN M. DEFILIPP | CROWE & DUNLEVY |
| ANDREW M. LONDON | 324 NORTH ROBINSON AVE, SUITE 100 |
| FOLEY HOAG LLP | OKLAHOMA CITY, OK 73102 |
| 155 SEAPORT BOULEVARD | TEL.: (405) 235-7700 |
| BOSTON, MA 02110 | |
| TEL.: (617) 832-1000 | |

*Counsel for Appellant*

Appellees Glen Mulready and the Oklahoma Insurance Department (collectively "Oklahoma") ask this Court to take the extraordinary step of staying the mandate of this Court's August 15, 2023 ruling that the challenged provisions of Oklahoma's Patient's Right to Pharmacy Choice Act (the "Act") are preempted by the Employee Retirement Income Security Act ("ERISA") and Medicare Part D. Oklahoma fails to demonstrate that this case presents a substantial question for which the Supreme Court is likely to grant certiorari, nor has it shown good cause for this Court to grant this exceptional form of relief. Instead, Oklahoma's motion relies on previously unsuccessful arguments in search of a non-existent circuit court split and ignores the negative impact a stay would have on businesses, their workers, and older adults in Oklahoma. For these reasons, Oklahoma's Motion to Stay the Mandate (the "Motion") should be denied.[1]

## I. Staying the Mandate of a U.S. Courts of Appeals is an Extraordinary Remedy.

Motions to stay are "not routinely granted." 10th Cir. R. 41.1. Indeed, they require an "exceptional" showing. *United States v. Silver*, 954 F.3d 455, 458 (2d Cir. 2020); *see also Gates v. Syrian Arab Republic*, Nos. 13-2280, 14-1452, 2014 U.S. App. LEXIS 21445, at *3 (7th Cir. July 30, 2014) (describing stay of a mandate as an "extraordinary form of relief"). A U.S. Court of Appeals may only

---

[1] Oklahoma did not seek Pharmaceutical Care Management Association's ("PCMA") position on the Motion prior to filing. *See* 10th Cir. R. 27.1.

1

grant a motion to stay a mandate pending a petition for certiorari where: (1) the petition presents a "substantial question;" *and* (2) there is good cause for a stay. FED. R. APP. P. 41(d)(1); *see also* 10th Cir. R. 41.1(B) (the 10th Circuit will not grant a stay in a civil case unless "there is a substantial possibility that [the] petition for writ of certiorari would be granted"). Other circuits have described this standard as requiring "a showing of both a reasonable probability of succeeding on the merits [at the Supreme Court] and irreparable injury in the absence of a stay." *Gates*, 2014 U.S. App. LEXIS 21445, at *2. Here, Oklahoma fails to demonstrate that either factor is met.

### a. There is little likelihood that a petition for certiorari will be granted.

This case does not present a substantial possibility that at least four justices will vote to grant certiorari (let alone that five justices would vote to reverse for Oklahoma to succeed on the merits). S. Ct. R. 10; 10th Cir. R. 41.1(B). The Supreme Court only grants petitions for "compelling" reasons. S. Ct. R. 10.[2] But the panel decision here is relatively unremarkable.

---

[2] The Supreme Court only grants certiorari for about 80 of the 7000-8000 petitions each year. *Supreme Court Procedure*, SCOTUSBLOG
*https://www.scotusblog.com/supreme-court-procedure/#:~:text=In%20most%20circumstances%2C%20the%20Supreme,argument%20in%20only%20about%2080.*

2

The decision is consistent with recent Supreme Court precedent regarding ERISA preemption. *See* Docket No. 22-6074, Doc. No. 11021185 at 28 (hereinafter "Decision") (applying *Rutledge* to the network restrictions in the Act); *Rutledge v. Pharm. Care Mgmt. Ass'n*, 141 S. Ct. 474, 480 (2020) ("ERISA is therefore primarily concerned with preempting laws that require providers to structure benefit plans in particular ways. . . ."). It is also consistent with other U.S. Courts of Appeal on ERISA preemption of state laws regulating provider network design (*see CIGNA Healthplan v. Louisiana ex rel. Ieyoub,* 82 F.3d 642, 649 (5th Cir. 1996) (ERISA preempted any willing provider law because it mandated benefits structure); *Tex. Pharm. Ass'n v. Prudential Ins. Co. of Am.,* 1997 U.S. App. LEXIS 12986, at*7 (5th Cir. Feb. 14, 1997) (same); *Kentucky Ass'n of Health Plans v. Nichols,* 227 F.3d 352, 362 (6th Cir. 2000) (same); Decision at 25-28) and the Medicare Part D preemption standard. *See Medicaid & Medicare Advantage Prods. Ass'n of P.R. v. Emanuelli Hernandez*, 58 F.4th 5 (1st Cir. 2023) (applying standard akin to field preemption); *PCMA v. Wehbi,* 18 F.4th 956 (8th Cir. 2021) (when adopting Part D, Congress "expand[ed] the scope of express Medicare preemption from conflict preemption to field preemption"); Decision at 45.

Much like its unsuccessful Petition for Rehearing En Banc, Oklahoma contends that this Court's decision conflicts with the Eighth Circuit in *PCMA v.*

3

*Wehbi,* 18 F.4th 956 (8th Cir. 2021) and thus the Supreme Court is likely to grant certiorari. However, Oklahoma again fails to demonstrate any material conflict with the Eighth Circuit.

*Wehbi* involved two North Dakota statutes that regulate PBMs in different respects than the provisions at issue here, including by regulating PBM fees and pharmacy disclosure restrictions. *Wehbi,* 18 F.4th 956. The Eighth Circuit rejected PCMA's claims of ERISA preemption but held that Medicare Part D preempted six of the provisions challenged. *Id.* Importantly, the panel decision here *aligns* with two of *Wehbi*'s central holdings. First, both opinions recognizes that state laws "do not escape [ERISA] preemption" simply because "they regulate PBMs rather than plans." *Wehbi,* 108 F.4th at 966; Decision at 18-22. Second, *Wehbi* also concluded —like the panel here— that Part D preemption uses a "field preemption" standard. *Wehbi*, 18 4th at 971 (describing "the scope of express Medicare preemption" as "field preemption"); *accord* Decision at 45 (Medicare Part D's preemption clause is "akin to field preemption").

Oklahoma only points to two instances where the opinions allegedly conflict. First, when this Court noted that *Wehbi*'s "limited reasoning" on whether ERISA preempted a North Dakota prohibition on private accreditation standards was "unhelpful" to its decision on whether ERISA preempted the Act's provision regarding the treatment of pharmacists placed on probation by the State Board of

4

Pharmacy. *See* Decision at 37-38. And second, when the court disagreed "with the [*Wehbi*] court's fastidious approach" in *applying* the undisputed Medicare Part D field preemption standard to the distinct North Dakota laws at issue in that case. Decision at 49. But both instances involve fact-dependent analyses that hardly constitute a circuit split, let alone a "compelling" issue for the Supreme Court.

Oklahoma also argues that the fact the Supreme Court has heard several prior cases regarding ERISA preemption increases the likelihood that the Court would grant review here. However, the Supreme Court routinely denies certiorari to ERISA preemption cases just like any other subject. *See, e.g.*, *Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*, 142 S. Ct. 1204 (2022) (denying certiorari in action challenging state retirement program as preempted by ERISA); *Pharm. Care Mgmt. Ass'n v. Rowe*, 547 U.S. 1179 (2006) (denying petition for certiorari in ERISA preemption case); *Tex. Pharmacy Ass'n v. Prudential Ins. Co. of Am.*, 522 U.S. 820 (1997) (same); *CIGNA Healthplan v. La. Ex rel. Ieyoub*, 519 U.S. 964 (1996) (same); *Aetna Life Ins. Co. v. Stuart Circle Hosp. Corp.*, 510 U.S. 1003, (1993) (same). Moreover, the Supreme Court's recent review of *Rutledge v. Pharm. Care Mgmt. Ass'n*, 141 S. Ct. 474 (2020) weighs *against* the Court granting certiorari in another ERISA preemption case, not for it. The opinion in this case is entirely consistent with recent Supreme Court precedent in *Rutledge*, citing the decision 29 times and applying its reasoning and

5

treatment of the "connection with" test. *See* Decision at 28-30. There is no reason the Court would take up a U.S. Court of Appeals decision just to reiterate the same standard it unanimously applied only three years prior.

### b. Oklahoma has not demonstrated good cause exists for this extraordinary relief.

Oklahoma has also failed to demonstrate good cause for this extraordinary relief. While the Tenth Circuit has not addressed the issue, other U.S. Courts of Appeal have determined that "good cause" for a stay only exists where the moving party faces irreparable harm. *See, e.g., Moore v. Whitmer*, No. 21-1755, 2023 U.S. App. LEXIS 1583, at *3 (6th Cir. Jan. 20, 2023) ("A party moving to stay the mandate pending filing of a petition a writ of certiorari must show . . . a likelihood that irreparable harm will result from the denial of a stay"). Here, Oklahoma does not allege any irreparable injury should it be enjoined from enforcing the challenged provisions of the Act pending its petition for certiorari. Instead, Oklahoma only asserts that this Court should maintain the "status quo" because Oklahoma has invested "substantial resources" in the status quo. *See Colorado v. United States EPA*, 989 F.3d 874, 888 (10th Cir. 2021) (economic harms to state resulting from enactments of the legislature was not cognizable irreparable injury).

Further, the status quo should not be maintained solely so that Oklahoma can continue to enforce an illegal law. The ERISA and Medicare Part D preemption standards that the panel respectively applied in this case have existed for decades,

6

yet Oklahoma sought to upend this jurisprudence by enacting a preempted state law. Oklahoma's asserted reliance interest in that law being upheld is neither reasonable nor justified. Moreover, the challenged provisions illegally prevent health plans from being able to offer popular, cost-saving benefit designs. Every day the challenged provisions of the Act remain in force, Oklahoma employers must continue to restrict plan benefit design in this fashion. The harm to employers and citizens (including older adults using Part D benefits) outweighs Oklahoma's "re-allocation of substantial resources," most of which presumably can still be used to enforce the many provisions of the Act which are untouched by this Court's decision.

Finally, Oklahoma relies on a contorted view of the case's procedural posture in an attempt to argue that the Court should stay the mandate to preserve the status quo. Oklahoma argues that because PCMA did not litigate its interlocutory appeal of the district court's denial of PCMA's motion for preliminary injunction in 2020, PCMA should not now benefit from its merits victory. Oklahoma is unable to point to any caselaw supporting the assertion that this procedural background is a valid basis for a stay. Nor would such a basis be logical. The Court now has the benefit of a complete factual record and full briefing, which was not true in 2020. Moreover, if this were the basis for a stay, litigants would be forced to pursue interlocutory appeals every time a district court

7

denied preliminary injunctive relief, simply to preserve their rights at the end of an appeal, leading to an imprudent use of judicial resources.

Accordingly, PCMA respectfully requests that the Motion to Stay the Mandate be denied.

Respectfully submitted by,

          PHARMACEUTICAL CARE
          MANAGEMENT ASSOCIATION

          By its attorneys,

Dated: December 28, 2023    */s/ Kristyn DeFilipp*
          Dean Richlin
          Kristyn DeFilipp
          Andrew London
          Foley Hoag LLP
          155 Seaport Blvd.
          Boston, MA 02210
          Phone: (617) 832-1000
          Fax: (617) 832-7000
          drichlin@foleyhoag.com
          kbuncedefilipp@foleyhoag.com
          alondon@foleyhoag.com

          Joel W. Harmon
          Oklahoma Bar #11332
          Crowe & Dunlevy
          Braniff Building
          324 N. Robinson Ave., Ste. 100
          Oklahoma City, OK  73102
          Phone: (405) 239-5414
          Fax: (405) 272-5923
          joel.harmon@crowedunlevy.com

## CERTIFICATE OF COMPLIANCE WITH TYPE VOLUME-LIMIT, TYPEFACE REQUIREMENT, AND TYPE STYLE REQUIREMENTS

1.　　This document complies with the 5,200 word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 1,667 words.

2.　　This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Word for Microsoft Office 365 in 14-Point font, Times New Roman.

*/s/ Kristyn DeFilipp*
Kristyn DeFilipp

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2023, I electronically transmitted the attached document to the Clerk of the Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Kristyn DeFilipp*
Kristyn DeFilipp