IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>GLEN MULREADY, in his official capacity as Insurance Commissioner of Oklahoma, and OKLAHOMA INSURANCE DEPARTMENT,<br><br>Defendants-Appellees. | No. 22-6074 |

**UNOPPOSED MOTION OF THE UNITED STATES
FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AND
FOR ENLARGEMENT OF TIME FOR ORAL ARGUMENT**

For the reasons set forth below, the United States respectfully requests leave to participate in the oral argument in this matter, which the Court has calendared for May 16, 2023. The United States further requests that the Court enlarge the time for argument by 10 minutes and allocate that additional time to the United States.

**1.** This appeal arises out of a suit filed by plaintiff-appellant Pharmaceutical Care Management Association seeking a declaration that certain provisions of Oklahoma's Patient's Right to Pharmacy Choice Act, Okla. Stat. tit. 36, § 6958 *et seq.*, are preempted under the express preemption clause of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1144(a), the express preemption clause applicable to the Medicare Part D program, 42 U.S.C. § 1395w-26(b)(3) &

1395w-112(g), or both. On January 25, 2023, this Court entered an order "invit[ing] and encourag[ing] the United States to file an amicus brief" in the case.

2. On March 10, 2023, the United States filed a brief urging affirmance in part and reversal in part. The brief explains that, in the view of the United States, ERISA does not preempt the Oklahoma law's Probation-Based Pharmacy Limitation provision in any respect. The brief further explains that ERISA does preempt the Oklahoma law's Any Willing Provider provision, Retail-Only Pharmacy Access Standards, and Cost-Sharing Discount Prohibition to the limited extent that those provisions apply directly to ERISA plans themselves, but does not preempt application of those provisions to third-party pharmacy benefit managers. Finally, the brief explains that the Medicare statute preempts the Any Willing Provider provision as applied directly or indirectly to Medicare Part D plans.

3. Pursuant to Federal Rule of Appellate Procedure 29(a)(8), the United States respectfully requests the opportunity to participate in the oral argument in this appeal to explain the government's perspective and to address any questions from the Court. The United States further requests that the Court enlarge the time for argument by 10 minutes and allocate that time to the United States.

4. Counsel for appellant and counsel for appellees have indicated that they consent to this motion.

## CONCLUSION

For these reasons, the Court should grant the United States leave to participate in the oral argument in this matter, enlarge the argument time by 10 minutes, and allocate that additional argument time to the United States.

Respectfully submitted,

BENJAMIN W. SNYDER
  *Assistant to the Solicitor General*

ALISA B. KLEIN
 /s/ *Anna Mohan*

ANNA MOHAN
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7533*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C. 20530*
  *(202) 514-3159*

JEFF HAHN
  *Counsel for Appellate and Special Litigation*
  *Office of the Solicitor*
  *Plan Benefits Security Division*
  *U.S. Department of Labor*
  *200 Constitution Ave., N.W.*
  *Washington, D.C. 20210*
  *(202) 961-5182*

APRIL 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that the foregoing motion, filed on April 17, 2023, complies with the type-volume limitation because it has been prepared in 14-point Garamond and contains 388 words according to Microsoft Word.

                                                  */s/ Anna O. Mohan*
                                                  Anna O. Mohan

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                  */s/ Anna O. Mohan*
                                                  Anna O. Mohan